UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>TARON BARKER,<br><br>                          Defendant. | Case No.:  21cr10017-CAB; 21cr10031-CAB<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [Doc. No. 4]** |

On April 19, 2022, Defendant Taron Barker, proceeding *pro se*, filed a motion for early discharge of supervised release. [Doc. No. 4.] On June 6, 2022, the government filed an opposition. [Doc. No. 7.] For the reasons set forth below, the motion is DENIED.

## BACKGROUND[1]

On February 14, 2008, two masked men armed with semi-automatic handguns intercepted two employees of TCF Bank in Kenosha, Wisconsin as the employees attempted to enter the bank in the early morning. The masked men forced the employees to open the vault while repeatedly threatening to kill them and stole approximately $209,000, along with one of the employees' vehicles.

---

[1] Taken from the government's opposition, Doc. No. 7 at 2-3.

The employee's vehicle was found in a parking lot several blocks away from the bank. A witness saw a small black car and red SUV pull into that parking lot. A man exited the small black car and got into the SUV, which drove away. About 15-20 minutes later, the bank employee's vehicle pulled into the parking lot, two men exited the vehicle, and drove off in the small black car that had been left there earlier. A white cap found in the parking lot contained Defendant's DNA.

A few days later agents executed a search warrant on a residence occupied by Defendant. Agents found $117,000 in robbery proceeds; two semi-automatic handguns under Defendant's mattress, one of which was loaded; and approximately 500 grams of cocaine. Defendant subsequently admitted to selling cocaine and to participating in the TCF bank robbery.

On October 24, 2008, Defendant was convicted of possession with intent to distribute 500 grams or more of cocaine in the U.S. District Court for the Eastern District of Wisconsin (Case No. 08-CR-70) and sentenced to 60 months in prison and four years of supervised release. On April 1, 2010, Defendant was convicted of aiding and abetting armed bank robbery and, as an aider and abettor, brandishing a firearm in furtherance of a crime of violence in the U.S. District Court for the Eastern District of Wisconsin (Case No. 09-CR-112). He was sentenced to 65 months on the armed robbery count, to run concurrently with his sentence for possession with intent to distribute in the prior case, and 84 months on the brandishing of a firearm count, to run consecutively to the bank robbery conviction. In Case No. 09-CR-112, he was also sentenced to a five-year term of supervised release to run concurrently with the four-year term of supervised release in Case No. 08-CR-70.

Defendant began serving his supervised release on July 31, 2020. His term of supervised release terminates on July 30, 2025.

Defendant was also ordered to pay $91,848 in restitution. According to Probation, as of May 19, 2022, Defendant still owes $85,629 of that amount.
/ / / / /

## LEGAL STANDARD

Under Title 18 U.S.C. § 3583(e)(1), a district court is authorized to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" When reviewing a motion for early termination of supervised release, a district court must apply the standards set forth in Title 18 U.S.C. § 3583(e). *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."). In turn, § 3583(e) requires a district court to consider and weigh certain factors set forth in Title 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), in deciding whether to grant or deny a motion to terminate supervised release. Those relevant § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; (4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. Moreover, "the language of § 3583(e) gives district courts broad discretion in determining whether to grant a motion to terminate supervised release." *Emmett* at 819.

The burden rests with the Defendant to convince the Court that early termination of his supervised release is warranted. *Emmett* at 824 ("It is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release."). Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination. *United States v. Grossi*, No.

CR–04–40127, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) "[C]ompliance with release conditions, resumption of employment and engagement of family life [ ] are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." *United States v. Bauer*, No. 5:09-CR-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012).

## DISCUSSION

Here, Defendant has served less than two years of his five-year term of supervised release (in Case No. 09CR112).  Defendant seeks early termination of the supervised release on the grounds that he:  has not violated the conditions of his supervised release, has maintained employment as a Door Dash driver, and is engaged to be married.  [Doc. No. 4 at 2.]  However, while Defendant's progress on supervised release is commendable, it does not constitute "changed circumstances" warranting early termination.  *Emmett* at 824; *Grossi* at *2; *Bauer* at 2.  In addition, Defendant owes more than $80,000 in restitution, a factor that weighs against early termination.  *United States v. Bastien*, 111 F.Supp.3d 315, 322 (E.D.N.Y. 2015)(denying motion for early termination of supervised release where, among other reasons, Defendant "must still provide restitution to victims.")  Finally, Defendant has not shown that remaining on supervised release will threaten his opportunities to advance or endanger any employment he may have.  *Bastien*, 111 F.Supp.3d at 322.  Accordingly, early termination of supervised release is not warranted.

## CONCLUSION

For the reasons set forth above, the motion to grant early discharge of supervised release is **DENIED.**

Dated:  July 5, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge